**Lincoln Biola FAGBEMI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–89–058–CR.**

Court of Appeals of Texas,
Texarkana.

Aug. 29, 1989.

J. Charles Whitfield, Houston, for appellant.

John B. Holmes, Dist. Atty., Timothy G. Taft, Asst. Dist. Atty., Houston, for appellee.

GRANT, Justice.

Lincoln Biola Fagbemi was convicted of aggravated assault. In accordance with the jury's assessment of punishment, he was sentenced to five years' confinement in the Texas Department of Corrections and was granted probation. He appeals.

Fagbemi contends that the trial court erred in refusing to permit him to take an oath for truthfulness on his tribal icon (Akolmologoba) in the presence of the jury, and in failing to order that the complaining witness be returned from out-of-state for additional examination at the punishment phase of the trial. He also urges generally the grounds contained in his motion for new trial.

Fagbemi is a native of Nigeria and has been living in the United States while pursuing a degree in pharmacy from Southern University in Houston, Texas. For several years he had a relationship with the complaining witness, Pauline Onwu, which ended at her insistence. Onwu testified that while she was in the process of moving out of their shared apartment, Fagbemi broke her arm.

The trial judge permitted Fagbemi to take the oath on his tribal icon out of the jury's presence. Fagbemi was also administered the standard oath twice, both in and out of the jury's presence. He contends that the trial court committed reversible error by refusing to permit him to take his oath on the tribal icon in the presence of the jury. His testimony indicates that he believes that if he were to lie after taking such an oath, he would be utterly destroyed within seventy-seven days.

Rule 603 of the Texas Rules of Criminal Evidence provides:

Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so.

Article I, Section 5 of the Texas Constitution and Article 1.17 of the Texas Code of Criminal Procedure further provides:

[A]ll oaths or affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury.

Fagbemi has cited no authority, nor have we found any, requiring that the oath to witnesses be administered in the jury's presence or establishing a defendant's right to have the oath administered in the jury's presence. Fagbemi contends that swearing on his tribal icon would fulfill the purpose of awakening his conscience and impressing his mind with the duty to testify truthfully. The oath's purpose to encourage a witness to be truthful can be achieved without the jury being present. The taking of the oath should not become a contest between witnesses to try to convince the jury that one oath was more binding than another oath. The trial court did not err in refusing to allow Fagbemi to swear on his tribal icon in the jury's presence.

■ In his second point of error, Fagbemi contends that the trial court erred in refusing to grant a continuance, so that he could recall the complaining witness for additional examination during the punishment phase of the trial. Pauline Onwu lived in Indiana at the time of the trial, and flew to Houston to testify. She was not released to return home by the trial court, but apparently the prosecutor gave her permission to return to Indiana without consulting the trial court. Fagbemi informed the trial court that he wished to question this witness concerning restitution and whether she would oppose probation. Fagbemi conceded in his brief that no harm resulted from his inability to recall this witness. The most that he could hope to gain by recall of this witness was a favorable consideration of the jury of his motion requesting probation. Since he was granted probation, this constitutes harmless error that does not require a reversal. Tex. R.App.P. 81(b)(2). Furthermore, Fagbemi makes no complaint on appeal relating to restitution.

Next, Fagbemi raises the two points of error that were included in his amended motion for new trial contending that the trial court erred (1) in limiting the scope of cross-examination of the complaining witness and (2) in failing to grant a mistrial when the complaining witness produced a pipe that had not been admitted into evidence.

■ The record shows that Fagbemi's attorney was allowed on cross-examination to fully develop the matters involving the name of the complaining witness as well as the fact that she considered herself having been divorced by her parents through tribal custom and not by a court of law. Fagbemi complains because he was not able to cross-examine Onwu regarding her income tax returns. This, however, was not shown to be relevant to any contested issue in the case, and specific instances of the conduct of a witness may not be inquired into on cross-examination of the witness other than conviction of a crime or prior inconsistent statements. Tex.R.Crim.Evid. 608–612. This inquiry did not involve either. Therefore, this point of error is overruled.

■ Fagbemi requested a new trial when the complaining witness produced the pipe that she testified Fagbemi used to injure her. The record indicates that the pipe had been marked as an exhibit, and the complaining witness used it to demonstrate how she was injured before any objection was made. After the objection, the pipe was admitted into evidence. Since the pipe was admitted into evidence and displayed to the jury, the jury's viewing of the pipe prior to its introduction was not harmful error.

Accordingly, the judgment of the trial court is affirmed.